UNITED STATES of America, Plaintiff–Appellee, Cross–Appellant,

v.

Besim ZENDELI, Defendant–Appellant, Cross–Appellee.

Nos. 98–3132, 98–3348.

United States Court of Appeals, Seventh Circuit.

Decided Oct. 22, 1999.

Lawrence S. Beaumont (submitted), Office of the United States Attorney, Urbana Division, Urbana, IL, Rodger A. Heaton, Office of the United States Attorney, Springfield, IL, for Plaintiff–Appellee, Cross–Appellant in No. 98–3132.

Rodger A. Heaton (submitted), Office of the United States Attorney, Springfield, IL, for Plaintiff–Appellee, Cross–Appellant in No. 98–3348.

Ronald E. Halliday (submitted), Parker & Halliday, Peoria, IL, for Defendant–Appellant, Cross–Appellee.

Before WOOD, JR., RIPPLE, and KANNE, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

On June 17, 1999, this court issued its first opinion[1] in this case. The principal issue considered was the great disproportionality of the sentence imposed on the defendant compared to the sentences imposed on his two co-conspirators. The district judge, in imposing Zendeli's sentence, called attention to the great sentence disproportionality which he wanted to avoid. He aptly called the sentences "out of whack." The district judge, therefore, declined to impose the sentence of seventeen years on Zendeli. Although he recognized the greater sentence might be required by statute, he nevertheless imposed a total sentence of only ten years for all counts.

On appeal this court saw no recourse except to reverse and remand for the imposition of a new sentence without the district court's equitable reduction even under these disparate circumstances. On appeal the government conceded that the sentencing it had sought was "harsh." We asked the government to reexamine any helpful options it might still have in the exercise of its prosecutorial discretion. What we had in mind was the possible voluntary dismissal of some count or counts or the dismissal of the appeal allowing the district judge's sentence to stand. Count 4 charged Zendeli, not his co-conspirators, with a violation of 18 U.S.C. § 844(h), namely, the use of fire to commit another federal felony, in this case mail fraud in violation of 18 U.S.C. § 1341. A violation of that additional charge required the imposition of a consecutive ten-year imprisonment term. We had reduced Zendeli's sentence on a different count by two years which the government has not questioned. We saw no further relief available under the statutes, which only Congress could amend. *Zendeli*, 180 F.3d at 886. Judge Ripple wrote separately. *Id.* at 887.

After the original opinion was issued, the defendant petitioned for an appeal conference pursuant to Fed.R.App.P. 33, to which the government voluntarily agreed. On July 29, 1999, this court issued an order approving the proposed mutual efforts of the parties in attempting to find a more equitable sentence. This court was subsequently advised, however, by both parties that settlement efforts had failed. The government explained that "seeking to be fair and creative" it had offered the extraordinary post-conviction dismissal of Counts 1 and 2, provided the defendant would forego any further review. That government offer would have reduced the defendant's sentence from fifteen years under our original opinion to twelve years. This court considers the government's offer to be fair and reasonable and in keeping with what this court envisioned as a possibility. The government's proposal, however, was rejected by the defendant.

The fairness of a sentence is not determined by whether the defendant is

---

1. *United States v. Zendeli,* 180 F.3d 879 (7th Cir.1999).

satisfied or not. In this instance, the defendant was not and chose to reject the government's offer. We, therefore, have no alternative but to confirm the original opinion reversing in part and remanding for imposition of the sentence in accordance with that first opinion.

■ The defendant has seen fit for some reason to sacrifice a reduction in his sentence of approximately three years. Congress establishes the range of punishment. We do not. It is the disparity between the sentences that this court regrets, not merely the length of the defendant's individual sentence. Furthermore, we cannot balance the sentences by raising the sentences of his co-conspirators.

Any further remedy the defendant believes he may have cannot be viewed as hopeful for him. Nevertheless, we will assume that the government, unless it promptly notifies this court otherwise, would renew its offer on the same terms as originally specified. We now give the defendant an additional ten days from the date of this opinion to reconsider his rejection and to notify this court of the result of his reconsideration.

The defendant's motion to strike the government's response regarding the appeal conference efforts is hereby denied. The defendant's alternative additional response is found to be without merit.

On consideration of the defendant's petition for rehearing and petition for rehearing en banc, no judge in active service has requested a vote thereon and all judges on the original panel have voted to deny a rehearing.

Accordingly, it is ordered that the aforesaid petition for rehearing and petition for rehearing en banc are hereby denied.

The mandate shall not issue until further order of this court.